IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARLA CALIP,<br><br>        Plaintiff,<br><br>   v.<br><br>MARY TANIGAWA, et al.,<br><br>        Defendants. | Case No. 15-cv-02111-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS; DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 51, 56, 57 |

Before the Court are two motions: (1) defendant Housing Authority of the County of Alameda's ("HACA") motion, filed September 7, 2016, for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and failure to state a claim ("HACA Motion"); and (2) defendant Mary Tanigawa's ("Tanigawa") motion, filed October 28, 2016, to dismiss the action pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction ("Tanigawa Motion").[1]  No opposition has been filed by plaintiff Sharla Calip ("Calip").  Having read and considered the papers filed in support of the motions, the Court rules as follows.[2]

**BACKGROUND**

In the operative complaint, the First Amended Complaint ("FAC"), Calip alleges she is "a person with mental [i]llness" whose "rights w[]ere violated by" HACA and Tanigawa.  (See FAC ¶¶ 1, 7.)

---

[1] That same date, Tanigawa also filed a "Notice of Joinder" in the HACA Motion, specifically joining in "HACA's argument that [p]laintiff has failed to sufficiently plead a breach of contract claim."  (See Not. Joinder, at 2:1-4.)

[2] By order filed November 23, 2016, the Court took the matters under submission.

In particular, Calip alleges that, "due to a fire in her previous residen[ce]," she relocated to a building at which Tanigawa was her "[l]andlord." (See id. ¶¶ 9, 11.) At her prior residence, Calip alleges, she had a "live-in aide" named "Richard Davis," and that, upon moving to Tanigawa's building, she "submitted a reasonable accommodation [to HACA] to continue Richard[] as her live-in aide [in] her new residen[ce.]" (See id. ¶¶ 9-10.) Calip further alleges that, on July 9, 2012, Tanigawa "informed [Calip] of a minor violation" and "requested that [Calip] have her guest fill out an application for process." (See id. ¶ 11.) Calip alleges she thereafter "did so" (see id.) and that Tanigawa "never sent [her] any other notice" stating she was "in violation of her lease" (see id. ¶ 12). In addition to her above-referenced interaction with Tanigawa, Calip alleges, she "followed up with a request of a reasonable accommodation with HACA for Richard Davis," and that "[a] notice dated March 5, 2013 appears to have been sent by fax to [her] [a]ide, indicating that HACA [was] unable to process the live-in [a]ide request" (see id. ¶ 13), but that she did not receive the notice, as neither she nor her aide "own[s] a fax machine" (see id. ¶ 14).

Based on the above allegations, Calip alleges that she was "deprived . . . of prior notice of termination [and] reasonable accommodation of a live-in aide due to her disability," and, further, that defendants "conduct[ed] a hearing without indicating that the information would be used against [her] to terminate her housing and/or possible prosecution," that defendants "[took] photos without [her] knowledge and [did not] address[] her living in a substandard condition for over a year," and that "defendants continu[e] to violate [her] constitutionally protected rights under the federally subsidized housing project." (See id. ¶ 7.) In reliance thereon, Calip asserts a single cause of action for "Breach of Contract." (See id. at 3:2.)

## LEGAL STANDARD

**A. Motion for Judgment on the Pleadings under Rule 12(c)**

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." See Fed.R.Civ.P. 12(c).

2

"The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing." See Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir.1989). Consequently, as the motions are "functionally identical," see id., federal courts, in considering motions made under Rule 12(c), apply the same analysis as that applicable to motions made under Rule 12(b). See, e.g., id.

Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted). In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Courts, however, "are not bound to accept as true a legal conclusion couched as a factual allegation." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted).

**B. Motion to Dismiss under Rule 12(b)(1)**

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir.2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. Where, as here, the challenge to jurisdiction is a facial attack, the Court

1    assumes the plaintiff's "allegations to be true and draw[s] all reasonable inferences in
2    [her] favor."  See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir.2004).  Because federal
3    courts are "courts of limited jurisdiction," however, the burden of establishing subject
4    matter jurisdiction "rests upon" Calip, "the party asserting jurisdiction."  See Kokkonen v.
5    Guardian Life Ins. Co. of Am., 511 U.S. 375, 377(1994).

**DISCUSSION**

**A. Subject Matter Jurisdiction**

Defendants contend the FAC does not include a statement of subject matter jurisdiction, as required by federal law, and, in any event, that the allegations in the FAC are insufficient to support either diversity or federal question jurisdiction.

**1. Failure to Allege Jurisdiction**

Rule 8(a) requires that a complaint include "a short and plain statement of the grounds upon which the court's jurisdiction depends."  See Fed. R. Civ. P. 8(a).  Additionally, under the Civil Local Rules of this District, "[e]ach complaint . . . must include a separate paragraph entitled 'Jurisdiction,'" which must "identify the statutory or other basis for federal jurisdiction and the facts supporting such jurisdiction."  See Civil L.R. 3-5.

Here, as defendants correctly point out, the FAC does not include the requisite jurisdictional statement.  Nevertheless, where a complaint lacks such statement, but the factual allegations therein demonstrate a basis for jurisdiction, dismissal is not appropriate.  See Cook v. Winfrey, 141 F.3d 322, 326 (7th Cir. 1998) ("Imperfections in the pleading will not divest a federal court of jurisdiction where the complaint as a whole reveals a proper basis for jurisdiction.").

Accordingly, in determining whether Calip has stated a basis for federal subject matter jurisdiction, the Court next turns to the factual allegations made in the FAC.

**2. Diversity Jurisdiction**

Federal courts have diversity jurisdiction over actions between citizens of different states.  See 28 U.S.C. § 1332(a).  Diversity jurisdiction requires that the citizenship of each plaintiff be diverse from that of each defendant.  See Caterpillar, Inc. v. Lewis, 519

U.S. 61, 68 (1996). Here, Calip alleges that she is "a resident of the State of California" (see FAC ¶ 1), that Tanigawa is a "sole proprietorship doing business as a[] landlord in the State of California" (see id. ¶ 2), and that HACA is "a governmental agency in the State of California" (see id. ¶ 3). The Court thus finds the FAC does not state a basis for diversity jurisdiction over the instant action.

### 3. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. In this instance, as defendants point out, Calip has not asserted a cause of action arising under a federal law. Rather, the only cause of action she asserts is a breach of contract claim, which is governed by state law.

Calip, however, proceeds pro se, and pro se complaints are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." See Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court "ha[s] an obligation where the [plaintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." See Bretz v. Kelman, 773 F.2d 1026, 1027 n.3 (9th Cir. 1985). Where a plaintiff alleges facts sufficient to support a federal basis for his or her complaint, dismissal is not warranted "for imperfect statement of the legal theory supporting [that] claim." See Johnson v. City of Shelby, Miss., 135 S. Ct. 346, 346-47 (2014) (holding, where plaintiffs had "informed [defendant] of the factual basis for their complaint," which facts were sufficient to plead a claim under 42 U.S.C. § 1983, plaintiffs "should [have been] accorded an opportunity to add to their complaint a citation to § 1983").

In that regard, as noted, Calip alleges defendants "violate[d] [her] constitutionally protected rights under the federally subsidized housing project," by "depriv[ing] [her] of prior notice of termination" and "reasonable accommodation of a[] live-in aide due to her disability," and "conducting a hearing without indicating that the information would be used against [her] to terminate her housing." (See FAC ¶7.) The Fair Housing Act

5

1  ("FHA") prohibits, inter alia, a person or entity from "discriminat[ing]" against any renter or
2  prospective renter based on "handicap."  See 42 U.S.C. § 3604(f)(2).  For purposes of the
3  FHA, "discrimination" includes "a refusal to make reasonable accommodations in rules,
4  policies, practices, or services, when such accommodations may be necessary to afford
5  such person equal opportunity to use and enjoy a dwelling."  See id. § 3604(f)(3)(B).
6  Additionally, a "public housing agency," see 24 C.F.R. § 982.4(b), "must approve a
7  [qualified] live-in aide if needed as a reasonable accommodation."  See id. § 982.316(a).
8  Construing the pleadings liberally, the Court finds Calip has informed defendants of her
9  reliance on federal antidiscrimination law, notwithstanding the "imperfect statement of the
10 legal theory supporting [her] claim."  See Johnson, 135 S. Ct. at 346-47.

11 The Court may not, however, "supply essential elements of the claim that were not
12 initially pled."  See Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.
13 1982).  Although, as discussed above, Calip appears to be alleging a federal housing
14 discrimination claim, she has not identified the federal statute or other federal law on
15 which she relies, nor has she made clear the facts on which any such violation is alleged
16 to be based.

17 Accordingly, the FAC is subject to dismissal with leave to amend to plead a claim
18 or claims over which the Court has subject matter jurisdiction.  See Morongo Band of
19 Mission Indians v. California State Bd. of Equalization, 852 F.2d 1376, 1380 n.3 (9th Cir.
20 1988) (holding, where complaint "inadequately alleges jurisdiction, the court may grant
21 leave to amend the defective allegations").  In particular, should Calip choose to file a
22 second amended complaint and assert, in addition to breach of contract, any cause(s) of
23 action under federal law, she is directed to include a jurisdictional statement complying
24 with Rule 8(a) of the Federal Rules of Civil Procedure and Civil Local Rule 3-5, and to set
25 forth sufficient facts to "state a claim to relief that is plausible on its face."  See Iqbal, 556
26 U.S. at 678.

27 **B. Failure To State a Claim**

28 Defendants contend that, even if the Court has jurisdiction over the instant action,

1  the FAC fails to state a claim for breach of contract.  In particular, defendants argue,
2  Calip "fails to provide factual underpinnings regarding the nature of th[e] alleged contract,
3  its material terms, or the parties to the agreement" (see HACA Mot. at 6:21-22) or
4  "describe any contractual obligation that [defendant] violated" (see id. at 7:12).

5       As discussed above, the Court has found it lacks jurisdiction over Calip's
6  complaint as currently pleaded.  Nevertheless, as Calip will be afforded leave to amend
7  to plead, if she can do so, a federal claim, the Court, in an effort to obviate the need for
8  additional amendment subsequent to the filing of any such amended pleading, next
9  addresses herein the deficiencies in Calip's state law claim.

10      Pursuant to Rule 8, a complaint must "give the defendant fair notice of what the
11 claim is and the grounds upon which it rests."  See Erickson v. Pardus, 551 U.S. 89, 93
12 (2007) (internal quotation, citation, and alteration omitted).  If a complaint "fails to identify
13 the alleged contract between the parties, and the facts and circumstances surrounding
14 the alleged breach of contract . . . [it] fail[s] to give fair notice to [d]efendants of the
15 actions of which they are accused, in direct contravention of Rule 8."  See Rasidescu v.
16 Midland Credit Mgmt., Inc., 435 F. Supp. 2d 1090, 1099 (S.D. Cal. 2006).

17      Here, although the FAC makes reference to a "written contract" (see FAC ¶ 7),
18 defendants have not been given fair notice of its relevant terms.  See Bassam v. Bank of
19 Am., No. CV 15-00587 MM FMX, 2015 WL 4127745, at *4 (C.D. Cal. July 8 2015 ("To
20 plead the existence of a contract, a plaintiff must quote the terms of the purported
21 contract, attach it to the complaint, or clearly allege the substance of the relevant
22 terms."); McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457, 1489 (2006) (same).

23      Next, although Calip sets forth, as described above, various acts on the part of
24 Tanigawa and HACA, such allegations, in the absence of an adequate pleading of the
25 underlying terms of the contract or contracts, do not provide either defendant with "fair
26 notice," see Erickson, 551 U.S. at 93, of the material contractual obligations on which
27 Calip relies, let alone how any such obligation was breached by either defendant.  See
28 Langan v. United Servs. Auto. Ass'n, 69 F.Supp.3d 965, 979-80 (N.D. Cal. 2014) (holding

United States District Court
Northern District of California

"the Court must be able generally to discern at least what material obligation of the contract the defendant allegedly breached").

Accordingly, if Calip does decide to amend her complaint to plead both a claim for breach of contract and one or more federal claims, she will need to cure the above-noted deficiencies.

## CONCLUSION

For the reasons stated above, defendants' motions are hereby GRANTED and the FAC is DISMISSED with leave to amend as set forth above.

Should Calip choose to file an amended pleading, such pleading shall be titled Second Amended Complaint and shall be filed no later than March 1, 2017.  Further, although Calip has been afforded leave to amend her pleadings, she may not add any new defendant without first obtaining leave of court.  See Fed. R. Civ. P. 15(a)(2).  If Calip does not file a Second Amended Complaint within the time provided, the instant action will be dismissed for lack of subject matter jurisdiction and without prejudice to refiling in state court.

**IT IS SO ORDERED.**

Dated: February 8, 2017

MAXINE M. CHESNEY
United States District Judge