IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| SHARLA CALIP, | Case No. 15-cv-02111-MMC |
|---|---|
| Plaintiff, | **ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH; REVOKING IN FORMA PAUPERIS STATUS; DIRECTIONS TO CLERK** |
| v. | |
| MARY TANIGAWA, et al., | |
| Defendants. | Re: Dkt. No. 71 |

Before the Court is a Referral Notice issued to this Court by the United States Court of Appeals for the Ninth Circuit, referring the above-titled matter for the limited purpose of determining whether plaintiff-appellant Sharla Calip's ("Calip") in forma pauperis status should continue or be revoked. See 28 U.S.C. § 1915(a)(3) (providing "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith"). Having reviewed the file and considered the matter, the Court rules as follows.

By order filed February 8, 2017, the Court dismissed Calip's First Amended Complaint with leave to amend to plead a claim or claims over which the Court has subject matter jurisdiction, and warned Calip that, should she fail to file an amended complaint by March 1, 2017, the instant action would be dismissed for lack of subject matter jurisdiction. On March 13, 2017, no amended complaint having been filed, the Court dismissed the action without prejudice to refiling in state court.[1]

---

[1] In said order of dismissal, the Court noted that, on March 10, 2017, it had received from Calip a letter bearing two separate dates, February 18, 2017, and March 7, 2017, which letter failed to address the concerns raised by the Court in its order of February 8, 2017, and, consequently, that, "[e]ven assuming Calip's letter could be

In her Notice of Appeal, Calip contends she did not receive any orders and was not "update[d] on a dismiss[al]." (See Notice of Appeal, filed April 2, 2017.) As set forth below, the Court finds the ground on which Calip bases her appeal lacks "arguable substance in law and fact," and, consequently, that her appeal is not taken in good faith. See Copperedge v. United States, 369 U.S. 438, 445 (1962) (holding "'good faith' . . . must be judged by an objective standard"; noting "good faith" is demonstrated when appellant seeks review "of any issue not frivolous"); Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984) (holding action is frivolous if it lacks "arguable substance in law and fact").

Under the "mail box rule" of the Ninth Circuit, "[p]roper and timely mailing of a document raises a rebuttable presumption that the document has been timely received by the addressee." See Lewis v. U.S., 144 F.3d 1220, 1222 (9th Cir. 1988). A review of the Court's docket reflects that the Clerk of Court issued a proof of service for each of the Court's orders, certifying that copies of said orders had timely been mailed to Calip's address of record, the same address Calip included in the above-referenced letter. (See Letter, filed Mar. 10, 2017.) Calip has not provided any explanation or submitted any evidence that arguably could rebut the presumption that she received the Court's orders. See, e.g., Myers v. Freescale Semiconductor, Inc., 600 F. App'x 535, 537 (9th Cir. 2015) (rejecting pro se plaintiff's argument that he "did not receive proper notice" of a motion or the district court's orders, where plaintiff "offer[ed] no evidence demonstrating that the motion . . . was not properly served, . . . or that any of the district court's orders were not validly filed on CM/ECF"); see also Johnson v. Elec. Transaction Consultants Corp., -- Fed. App'x --, 2017 WL 711081, at *1 (9th Cir. Feb. 23, 2017) (rejecting "as unsupported by the record [pro se plaintiff's] contention that she did not receive notice of the court's order"). Indeed, Calip never raised, either by way of a motion for relief from judgment or

---

construed as a timely amended complaint . . . , such correspondence, for the reasons stated in the Court's prior order, fail[ed] to plead a cognizable federal claim." (See Order, filed Mar. 13, 2017 (citing Order, filed Feb. 8, 2017).)

2

otherwise, any issue before this Court as to her receipt of any documents.

Where a party raises an issue "for the first time on appeal," the Ninth Circuit generally will consider such issue only under limited circumstances, specifically "when the issue presented is purely one of law and either does not depend on the factual record developed in the district court, or the pertinent record has been fully developed." See Fry v. Melaragno, 939 F.2d 832, 835 (9th Cir. 1991) (internal quotation, citation, and alteration omitted). Here, the issue Calip raises is not "one of law" and, in any event, a "factual record" as to her receipt of court orders was never "developed," let alone "fully developed." See id. (internal quotation and citation omitted).

Accordingly, Calip's in forma pauperis status is hereby REVOKED.

The Clerk shall serve a copy of this order on the United States Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: April 20, 2017

MAXINE M. CHESNEY
United States District Judge